IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-273(1) |
| | § | C.A. No. C-05-075 |
| JESUS GUADALUPE GARCIA-ZUNIGA, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION
TO DISMISS AND DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND ORDER
DENYING CERTIFICATE OF APPEALABILITY**

On February 14, 2005, the Clerk received from Movant Jesus Guadalupe Garcia-Zuniga ("Garcia") a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (D.E. 21).[1] On April 25, 2005, the government filed its response and motion to dismiss. (D.E. 23). As discussed herein, Garcia validly waived his right to file the claims raised in his § 2255 motion. Because the Court finds the waiver to be valid and enforceable, Garcia's § 2255 motion is DISMISSED WITH PREJUDICE.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

On October 8, 2003, Garcia was charged in a single-count indictment with knowingly

---

[1] Docket entry references are to the criminal case, C-03-273.

1

and intentionally possessing with intent to distribute approximately 91 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(C). (D.E. 1).

On December 1, 2003, Garcia pleaded guilty pursuant to a written plea agreement. (D.E. 8, 9). In exchange for his guilty plea to count one and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive a three-level reduction for acceptance of responsibility, and to recommend a sentence at the low end of the applicable guideline range. (D.E. 9).

The plea agreement contained a voluntary waiver of Garcia's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 9 at ¶ 7)(emphasis in original). The agreement is signed by Garcia and he testified at his rearraignment that he read it and discussed it with his attorney, and that he understood and signed it. (D.E. 24, Rearraignment Transcript ("R. Tr.") at 11).

The Court questioned Garcia under oath at the rearraignment to ensure that his plea

2

was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion. (R. Tr. at 5-15). Initially, Garcia seemed to misunderstand the Court's questions regarding the waiver of his right to appeal and to file a § 2255 motion, but he later testified that he understood and wanted to waive those rights. (R. Tr. at 12-14). In addressing his waiver of his § 2255 rights, the exchange between the Court and Garcia was as follows:

> THE COURT: All right. The law also allow you to, presently, to, after your sentence and your conviction are final, to challenge your conviction by filing a petition with the Court stating that there is something wrong with the conviction, such as that it might be unconstitutional, or the sentence would be unlawful. By signing this agreement, you are also giving up and waiving your right to file such a petition. Do you understand that?
> THE DEFENDANT: Yes.
> THE COURT: And is that also agreeable with you?
> THE DEFENDANT: Yes.
> THE COURT: And do you waive that right as well?
> THE DEFENDANT: Yes.

(R. Tr. at 13-14). It is clear from the foregoing that Garcia's waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N)(obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

On February 25, 2004, the Court sentenced Garcia to 46 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and

3

imposed a $1,000 fine and a $100 special assessment. (D.E. 19, 20). Judgment of conviction and sentence was entered March 5, 2004. (D.E. 20). Consistent with his waiver of appellate rights, Garcia did not appeal. Garcia's § 2255 motion was received by the Clerk on February 14, 2005. (D.E. 21). It is timely.

### III. MOVANT'S ALLEGATIONS

In his motion, Garcia asserts two grounds for relief. First, he argues that his counsel was ineffective for advising him not to appeal. He claims that he would have appealed because he believes he received too long a sentence. Second, he asserts a general claim pursuant to the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), which was extended to the federal sentencing guidelines in United States v. Booker, 125 S. Ct. 738 (2005).

### IV. DISCUSSION

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and

would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

**B.     Waiver of § 2255 Rights**

The Court need not address whether Garcia has procedurally defaulted his claims by failing to appeal, nor will the Court reach the merits of his claims.  Rather, the Court concludes that his motion fails in its entirety because he waived his right to file the claims in his § 2255 motion.  United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005)(enforcing, post-Booker, a waiver of appeal rights that was signed prior to the issuance of Booker).  Nowhere in his original motion does Garcia challenge the validity of the waiver itself, nor does he challenge his counsel's advice related to his plea or the waiver.  See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").[2]  Thus, his claims are all subject to the waiver.

---

[2]     Garcia's only claim of ineffective assistance relates to his counsel's advice not to appeal.

**C.     Waiver of Booker Claim**

To the extent that Garcia is arguing that he should be able to avoid the waiver because he did not anticipate the Blakely or Booker decisions, (see D.E. 21 at 2 (explaining that he did not appeal because he did not know about Blakely), his argument is unavailing. Cf. United States v. Nguyen, 235 F.3d 1179, 1184 (9th Cir. 2000)(rejecting argument that wavier was not knowing and voluntary because defendant did not realize how strong his potential appellate claims were at the time he entered into the plea agreement); United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999)("A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues–indeed, it includes a waiver of the right to appeal blatant error."). See also United States v. Hahn, 359 F.3d 1315, 1326-28 (10th Cir. 2004)(collecting authority and concluding that a waiver can be knowing and voluntary even when the defendant "does not know with specificity what claims of error, if any, he is foregoing").

Notably, several post-Booker cases have upheld pre-Blakely waivers, including a recent Fifth Circuit decision, which squarely held that "Blakely and Booker do not alter the plain meaning of appeal-waiver provisions in valid plea agreements." McKinney, 406 F.3d at 746-47 & n.5 (5th Cir. 2005); see also, e.g., United States v. Killgo, 397 F.3d 628, n.2 (8th Cir. 2005)(enforcing waiver of appeal rights as to Sixth Amendment claim, noting that "[t]he fact that [defendant] did not anticipate the Blakely or Booker rulings does not place the issue outside the scope of his waiver"); United States v. Rubbo, 396 F.3d 1330, 1335

6

(11th Cir. 2005)(upholding waiver of appeal rights signed prior to Blakely in case raising Booker claim); United States v. Blick, __ F.3d __, 2005 WL 1252617 (4th Cir. May 27, 2005)(same); United States v. Bradley, 400 F.3d 459, 465-66 (6th Cir. 2005)(enforcing defendant's waiver of appeal signed prior to Booker as barring his Booker claim and collecting federal circuit court authority in agreement).

Moreover, as previously noted, a waiver of the right to appeal is enforceable so long as it is knowing and voluntary. White, 307 F.3d at 343-44; Wilkes, 20 F.3d at 653. Consistent with the foregoing authority, Garcia's waiver is valid and enforceable despite the fact that Blakely and Booker were decided after he signed it, and despite his failure to anticipate those rulings. Because his waiver bars all of the claims in his motion, his § 2255 motion is DISMISSED WITH PREJUDICE.

### D.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003). Although Garcia has not yet filed a notice of appeal, this Court nonetheless addresses the determination of whether he would be entitled to a COA. See

Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000)(emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(applying Slack to COA determination in context of § 2255 proceedings).

It is unnecessary for the Court to address whether Garcia's motion states a valid claim of the denial of a constitutional right, because he cannot establish the second Slack criteria. That is, the Court concludes that reasonable jurists could not debate the denial of Garcia's § 2255 motion on procedural grounds. Under the plain record of this case, this Court is barred from considering his motion due to his valid and enforceable waiver of his § 2255 rights. Accordingly, Garcia is not entitled to a COA.

## V. CONCLUSION

For the foregoing reasons, the government's motion to dismiss (D.E. 23) is GRANTED and Garcia's motion to vacate, correct, or set aside his sentence pursuant to

28 U.S.C. § 2255 (D.E. 21) is DISMISSED WITH PREJUDICE.  Additionally, Garcia is DENIED a Certificate of Appealability.

ORDERED this 10th day of June, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE